MANUEL DE JESÚS PÉREZ CRUZ ET AL., ETC., Plaintiffs and Appellants, *v.* MANUEL FERNÁNDEZ MARTÍNEZ ET AL., Defendants and Appellees.

No. 10396.   Argued March 1, 1951.—Decided March 13, 1951.

*Antonio J. Amadeo* for appellants.   *Harry B. Llenza* and *Jorge M. Morales* for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

This suit for nullity of judicial proceedings, revendication, and damages was brought in the lower court on April 23, 1947. Because of the procedure followed the last step taken therein was the filing by the defendant, Manuel Fernández Martínez, on July 5, 1949, of an answer to the amended complaint, including a counterclaim. Over one year having elapsed without any further steps having been taken in the case, on August 10, 1950 the clerk of the court filed a motion notifying the court of said fact and praying that by virtue of Rule 3 of the Rules of the District Courts[1] the action be regarded as abandoned by the parties and that judgment be entered dismissing same, all of this after previously notifying the parties. On that same day the court ordered that the parties be served with the motion and gave them 10 days after notice to appear and state the reasons why the clerk's request should not be granted. On August 25, 1950 the plaintiffs moved that the order be set aside on the following grounds:

"That they had not requested sooner that the case be set for trial because they did not have on hand all the evidence which they deem necessary to verify the allegations of their complaint.

"That they intend to request such setting at the next General Calendar of this Court corresponding to September 15, 1950."[2]

Plaintiffs' motion was set for hearing on September 11, 1950, and on that same date the defendant, Manuel Fernández Martínez, moved for judgment dismissing the action for

---

[1] Rule 3 provides as follows:

"At the calling of the calendar at each regular term, the court, *motu proprio* and by previously notifying the parties at least five days before, may order the dismissal of any pending action, suit or proceeding wherein no progress has been made in their prosecution and entry thereof made in the record, for one year or more, due to the negligence of the parties, unless such delay is opportunely justified to the satisfaction of the Court."

[2] Indeed, on September 5, 1950 the plaintiffs asked that the case be included to be set in the General Calendar of September 15, 1950.

abandonment, carelessness, and negligence on the part of the plaintiffs inasmuch as their only ground, to wit, not having on hand all the evidence necessary to support the allegations of the complaint, was not sufficient, for since the original complaint had been filed on April 23, 1947—that is, three years and four months previously—and ever since that date the plaintiffs have not had the necessary evidence to support their allegations, it is clear that the action was begun without probable cause, it being unfair to keep the defendant subject to the threat and compulsion of this suit during all that time. He alleged further that the hearing of the case had been set for January 27, 1949 and was continued at the request of the plaintiffs over defendant's objection.

After the hearing, the court entered judgment dismissing the action for abandonment. After giving a brief account of the case, the court grounded its judgment in this manner:

"We think that the reason adduced by the plaintiffs for the nondismissal of this action is frivolous. If three years and four and a half months after this suit was commenced they still do not have on hand the necessary evidence to verify the allegations of their complaint, we must conclude that to permit this situation to continue any longer would be unreasonable and arbitrary. Indeed, it would be unfair to keep this defendant subject to the torture and threat of this suit under such conditions.

"It should also be noted that the plaintiffs attempt to attenuate their position by declaring 'that they intend to request that the case be set in the next general calendar of this court,' still more when at the hearing, counsel for the plaintiffs, intending to protract further this situation informed the court that one of his additional reasons for not setting this case is that he has been unable to locate one of the plaintiffs who is not in the Island, thus anticipating a possible continuance of the trial.

"Suits must be brought to an end. They should not be unnecessarily prolonged and much less by the very conduct of the plaintiffs, that is, the parties who brought this suit."

Reconsideration was sought and denied without having been entertained, whereupon the plaintiffs appealed and as-

sert that the court *a quo* erred in issuing the order of August 10, 1950 before the regular term of the court had begun on September 1, 1950; in abusing its discretion in denying to the plaintiffs the opportunity to present this suit on the merits by virtue of Rule 60(*b*) of the Rules of Civil Procedure and dismissing the motion for reconsideration; in deciding the motion filed by the defendant, Manuel Fernández Martínez, without having included same in the calendar nor having notified it within the preceding five days before it was decided and in having acted under the influence of passion, prejudice, and partiality.

We shall not stop to examine the first, third, and fourth errors for we consider that they lack merit. It is the second error which, in our judgment, presents the only meritorious question to be decided, namely, whether the lower court abused its discretion in refusing to set aside the judgment when reconsideration thereof was sought under Rule 60(*b*), which insofar as pertinent provides:

"On motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The motion shall be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken..."

Of course, we can not consider that the "excusable neglect" to which Rule 60(*b*), *supra*, refers is equivalent to the justified negligence referred to in Rule 3 of the Rules for the District Courts, *supra*. That is to say, if the plaintiffs did not justify to the satisfaction of the court *a quo* their negligence in having failed to take any steps in connection with the case for over a year, their motion for reconsideration under Rule 60(*b*) could not be sufficient for the court to set aside its judgment if the "excusable neglect" alleged is the same under which the judgment was rendered under Rule 3.

The only justification alleged by the plaintiffs against the rendering of judgment under Rule 3 was, as already noted, that they had not requested previously that the case be set for hearing because they did not have on hand all the evidence that they deemed necessary to support the allegations of their complaint. The court did not consider that excuse sufficient because of the time elapsed since the commencement of the action.

In the motion for reconsideration under Rule 60 (*b*) the plaintiffs did not confine themselves to setting forth the same ground previously alleged. On the contrary, they detailed therein all the incidents of the case since its commencement, attempting to prove that not only the defendant, Manuel Fernández Martínez, had contributed to the delay in the prosecution of the action upon filing several untenable motions, but that the court had also contributed thereto by delaying the decision of said motions.[3] The plaintiffs further aver that their attorney had been sick and under the doctor's care for several months for which reason he was unable to attend to his professional duties. Affidavits of Drs. Luis A. Sanjurjo and Ramón M. Suárez, Jr., verifying those facts were attached.

It is an accepted fact, moreover, that the plaintiffs requested that the case be included so that the trial might be set in the calendar of September 15, 1950.

As we have said, the court *a quo* considered that the motion for reconsideration lacked merit and rejected it outright with a "motion dismissed". *Cf. Marcano* v. *Marcano*, 60 P.R.R. 344, 345; *Guilhon & Barthelemy* v. *District Court*,

---

[3] An example of this delay—and it is not the only one alleged—is set forth in the fifth paragraph of the motion, thus:

"That on November 25, 1947, the defendant, Manuel Fernández Martínez, applied for summary judgment which application was submitted to the consideration of this Court and remained undecided until May 5, 1948 when it was dismissed, and the defendant having sought reconsideration the case was submitted again and was pending decision until September 27, 1948 when it was dismissed, *on the ground that it did not disclose new facts which the court had not had before it when issuing its former order.*"

64 P.R.R. 289, 294–5. Nevertheless, even though the plaintiffs entitled their motion one for reconsideration of judgment, they expressly alleged therein that they based same on Rule 60(*b*) of the Rules of Civil Procedure and requested that the judgment be set aside on the grounds set forth therein. Possibly the title of the motion misled the lower court.

We have decided that Rules 60 and 61 of the Rules of Civil Procedure have not substituted § 292 of the Code of Civil Procedure which refers to motions for reconsideration—*González* v. *Am. Surety Co.*, 71 P.R.R. 330 and cases therein cited at pp. 333–4—insofar as the terms fixed in said Section, as amended by Act No. 67 of May 28, 1937, are concerned. It must not be contended either that because the obtainable result both under § 292 and by virtue of Rule 60(*b*) might be identical or similar, the courts must apply the same test in deciding either motion. In *Gual* v. *District Court*, 71 P.R.R. 283, we held that motions for reconsideration of judgments or orders are not governed by the Rules of Civil Procedure. In like manner the motion under Rule 60(*b*) *supra*, must not be governed for consideration and decision purposes by the strict tests of § 292 of the Code of Civil Procedure. So much so that a motion under Rule 60 does not suspend the time during which appeals may be taken from the judgment—3 Moore's Federal Practice 3277 —as in the case of a motion for reconsideration under § 292 if it is entertained. *Marcano* v. *Marcano*, *supra; Guilhon & Barthelemy* v. *District Court*, *supra*. Besides, the terms for filing either motion are different.

We have held that Rule 60(*b*), *supra*, must be construed liberally so that the cases may be decided on their merits and not by default. *Latoni* v. *Court of Eminent Domain*, 71 P.R.R. 385 and cases and authority cited at p. 389. Although this case does not involve a judgment by default we think that for the purposes of the question before us the

effect of the judgment rendered is the same. Under the attendant circumstances we believe that the lower court erred in failing to consider and decide on the merits the plaintiffs' motion to set aside the judgment inasmuch as the allegations contained in said motion were quite different from the reasons given by the plaintiffs in their opposition to the order issued by the court under Rule 3, *supra*.

The judgment will be set aside and the case remanded for further proceedings consistent with this opinion.